# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMA MARTIN, et al.,<br>　　Plaintiffs,<br><br>　　　　v.<br><br>SERRANO POST ACUTE LLC, et al.,<br>　　Defendants. | CV 20-5937 DSF (SKx)<br><br>Order GRANTING Motion to Remand (Dkt. No. 13) |

　　Plaintiffs are family members of a man who died of COVID-19 while a resident of a nursing home owned or operated by the various Defendants. Defendants removed this case on the basis of federal officer jurisdiction and federal question jurisdiction. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for September 14, 2020 is removed from the Court's calendar.

## I. Background

　　In short, Plaintiffs argue that Defendants failed to staff the nursing facility they owned and operated adequately, failed to take proper precautions to prevent the spread of COVID-19 in the facility, and failed to react properly to the infections that became present in the facility. These failings are alleged to have caused the death of the decedent. The removal in this case is premised around various federal government directives regarding COVID-19. Defendants claim these directives are direct and specific enough to allow them to remove this case as "federal officers." They further argue that removal is allowed due to the federal Public Readiness and Emergency Preparedness Act

(PREP Act), 42 U.S.C. §§ 247d-6d, 247d-6e. Generally, the PREP Act authorizes the Secretary of Health and Human Services to provide limited immunity to "covered persons" against claims for losses due to the administration or use of a covered countermeasure as declared by the Secretary. As most relevant to this case, the Secretary has issued declarations under the PREP Act to extend PREP Act protections to COVID-19 testing kits and certain personal protective equipment (PPE), including certain respiratory protective devices, *i.e.*, masks.

## II. Analysis

### A. Federal Officer Removal

Federal officer removal is available under 28 U.S.C. § 1442(a) if "(a) [the removing party] is a 'person' within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable federal defense.'" Fidelitad, Inc. v. Insitu, Inc., 904 F.3d 1095, 1099 (9th Cir. 2018).

There is no dispute that the removing parties are persons for the purposes of the statute, and the Court will assume for the purposes of this discussion that they have a "colorable federal defense." The question then becomes whether Defendants acted "pursuant to a federal officer's directions" and there is a "causal nexus" between Defendants' actions and Plaintiffs' claims.

The directions Defendants point to are general regulations and public directives regarding the provision of medical services. But "[a] private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase 'acting under' a federal 'official.' And that is so even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored." Watson v. Philip Morris Companies, Inc., 551 U.S. 142, 153 (2007). Therefore, removal is not justified by federal officer jurisdiction.

### B.     Complete Preemption

Despite the pleading of only state law claims on the face of the complaint, Defendants also argue that removal is appropriate under federal question jurisdiction because of complete preemption. A claim that is, on its face, a state law claim can be considered to arise under federal law if "Congress intended the scope of federal law to be so broad as to entirely replace any state-law claim." Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 947 (9th Cir. 2014) (quoting Dennis v. Hart, 724 F.3d 1249, 1254 (9th Cir. 2013)).

This complete preemption that confers federal question jurisdiction is very rare. See City of Oakland v. BP PLC, 969 F.3d 895 (9th Cir. 2020) ("The Supreme Court has identified only three statutes that meet this criteria [for complete preemption]."). Despite this, other than stating the standard for finding complete preemption, Defendants provide no support for their claim. Defendants make a lengthy argument in favor of their immunity under the PREP Act, but mere immunity against state law or preemption of state law is not the equivalent of complete preemption and does not provide removal jurisdiction. "[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987).

It is largely irrelevant that federal courts have exclusive jurisdiction under the PREP Act because none of the claims in the complaint, on its face, are brought under that Act. If Defendants believe that some or all of Plaintiffs' state law claims are barred by the PREP Act, the appropriate response is to file a demurrer in state court. If the state court dismisses the state law claims, Plaintiffs could then decide if they wish to file claims under the PREP Act in the District of the District of Columbia, the court with exclusive jurisdiction over such claims. See 42 U.S.C. § 247d-6d(e)(1). Otherwise, the Court declines to find that Congress has completely occupied the field of actions or inactions

related to COVID-19 spread and treatment to such a degree that all state law claims related to that topic are subject to removal.

### C. Imbedded Question of Federal Law

Nor have Defendants established federal jurisdiction due to a "substantial, imbedded question of federal law." In order for a state law claim to provide federal question jurisdiction under this theory, the "state law claim [must] necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). "That is, federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn v. Minton, 568 U.S. 251, 258 (2013). "[I]t is not enough that the federal issue be significant to the particular parties in the immediate suit; that will always be true when the state claim 'necessarily raise[s]' a disputed federal issue, as Grable separately requires. The substantiality inquiry under Grable looks instead to the importance of the issue to the federal system as a whole." Gunn, 568 U.S. at 260. "[T]he mere use of a federal statute as a predicate for a state law cause of action does not necessarily transform that cause of action into a federal claim . . . ." Nevada v. Bank of America Corp., 672 F.3d 661, 675 (9th Cir. 2012). Nor does "the question whether a particular claim arises under federal law depend[] on the novelty of the federal issue." Id. (quoting Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 817 (1986)).

Defendants argue that they meet this standard for basically the same reasons that they think there is complete preemption. But the raised federal issue is Defendants' defense, not the actual claims made by Plaintiffs. Defendants also make no attempt to show that this particular case raises substantial questions important to "the federal system as a whole," and it is clear that it does not.

## III. Conclusion

The motion to remand is GRANTED. The case is REMANDED to the Superior Court of California, County of Los Angeles.

IT IS SO ORDERED.

Date: September 10, 2020

                                                Dale S. Fischer
                                                United States District Judge