ANNE MARIE MURPHY (SBN 202540)
amurphy@cpmlegal.com
ANDREW F. KIRTLEY (SBN 328023)
akirtley@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, California 94010
Telephone: (650) 697-6000

GARY ALLAN PRAGLIN (SBN 101256)
gpraglin@cpmlegal.com
CARLOS URZUA (SBN 303176)
curzua@cpmlegal.com
KALI V. FOURNIER (SBN 320579)
kfournier@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
2716 Ocean Park Blvd Suite 3088
Santa Monica, CA 90405
Telephone: (310) 392-2008

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EMMA MARTIN, ELIZABETH GAGLIANO** and **KATHRYN SESSINGHAUS,** individually and as heirs of **VINCENT PAUL MARTIN**, deceased,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>Serrano Post Acute LLC d/b/a **HOLLYWOOD PREMIER HEALTHCARE CENTER,** a/k/a Serrano Healthcare, a/k/a Serrano North Convalescent Hospital; **BENJAMIN LANDA,** an individual; **MARCEL ADRIAN SOLERO FILART**, an individual; and, **DOES 1-50,**<br><br>　　　　　Defendants. | Case No. 2:20-cv-05937-DSF-SK<br><br>[Removal from Superior Court of California, County of Los Angeles, Case No. 20STCV19545]<br><br>**PLAINTIFFS' OPPOSITION TO DEFNDANTS' MOTION FOR FURTHER STAY OF ENFORCEMENT OF THE COURT'S SEPTEMBER 10, 2020 ORDER TO REMAND**<br><br>Date:　　　November 23, 2020<br>Time:　　　1:30 P.M.<br>Location:　　7D |

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR FURTHER STAY OF ENFORCEMENT OF THE COURT'S ORDER TO REMAND;
CASE NO.: 2:20-cv-05937-DSF-SK**

Plaintiffs Emma Martin, Elizabeth Gagliano and Kathryn Sessinghaus ("Plaintiffs") submit this Opposition to Defendants Serrano Post Acute, LLC, Benjamin Landa, and joined by Marcel Adrian Solero Filart (hereafter "Defendants") Motion for Further Stay of Enforcement of the Court's Order to Remand.

## I. INTRODUCTION

This Court should deny Defendants' Motion to Stay and allow this case to proceed during the pendency of Defendants' Ninth Circuit appeal because Defendants have made no showing that supports abeyance of this matter.

This is an elder abuse, neglect and wrongful death case brought by the family (wife and daughters) of Vincent Martin,[1] against Hollywood Premier Healthcare Center ("HPHC") a nursing home in Los Angeles, and against HPHC's Medical Director (Marcel Adrian Solero Filart) and one of its owners (Benjamin Landa).

The issue on appeal is whether federal officer removal is proper under these circumstances. Defendants attempt to muddy the record by alleging that Defendants' response to a national public health state of emergency is a novel issue of first impression. Defendants are mistaken. Removal is not justified by federal officer jurisdiction because Defendants did not act pursuant to federal officer's directions.

The Court should deny Defendants' Motion to Stay an Order Pending an Appeal in its entirety for the following reasons:

1. This is not a matter of first impression. The Court in *Vanessa Sherod as Admistrator of the Estate of Elizabeth Wiles v. Complrehenxive Healthcase Management Services, LLC dba Brighton Rehabilitation and Wellness Center et al.*, 2:20-cv-01198-AJS (W.D.Penn) Denied Defendnats' Motion to Stay Remand based on its Federal Officer Jurisdiction argument.

---

[1] Plaintiffs are successors-in-interest to Mr. Martin. See, Complaint [ECF 1, Ex. 1, ¶23-26], Amended Complaint [ECF 18], and Successor-in-Interest Declarations [ECF 21-1, 21-2, and 21-3].

LAW OFFICES COTCHETT, PITRE & McCARTHY, LLP

2.     Defendants have not and cannot show a strong likelihood of success on the merits of the appeal because as this Court properly held: "[T]he directions Defendant point to are general regulations and public directives regarding the provision of medical services."  Our Supreme Court held that "[a] private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase 'acting under' a federal 'official'. *Watson v. Philip Morris Companies*, Inc., 551 U.S. 142, 153 (2007).

3.     Defendants fail to introduce any proof that proceeding with this action will cause them to suffer irreparable harm.  On the other hand, a stay will cause Plaintiffs preventable human emotional suffering and delay in discovery.  Balancing the hardships, staying the matter is disfavored.

4.     The public interest favors the right to a speedy trial and justice for Vincent Paul Martin and his family.

Therefore, Plaintiffs respectfully request that this Court deny Defendants' Motion to Stay in its entirety.

## II.     STANDARD FOR GRANTING STAY PENDING APPEAL

Federal Rule of Appellate Procedure 8 provides that a party must first move in the District Court for a motion to stay of a judgment or order pending appeal. Fed. R. App. P. 8(a)(1)(A).  In determining whether to grant a motion to stay, it is necessary for the court to weigh competing interests of those that will be affected by the stay. *See Landis v. American Water Works & Elec. Co*., (1936) 299 U.S. 248, 254-255.  These competing interests include: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *See also Golden Gate Rest. Ass'n v. City & Cnty. of S.F.*, (9th Cir. 2008) 512 F.3d 1112,

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR FURTHER
STAY OF ENFORCEMENT OF THE COURT'S ORDER TO REMAND;
CASE NO.: 2:20-CV-05937-DSF-SK**                                    2

1115.

The "party requesting a stay bears the burden of showing that the circumstances justify an exercise of [the] [court's] discretion." *Ind. State Police Pension Trust v. Chrysler LLC*, (2009) 556 U.S. 960, 961. In assessing these interests, courts employ "two interrelated legal tests that represent the outer reaches of a single continuum." *Golden Gate Rest. Ass'n*, 512 F. 3d at 1115 (internal quotation marks omitted). "At one end of the continuum, the moving party is required to show both a probability of success on the merits and the possibility of irreparable injury. *Id*. At the other end of the continuum, the moving party must demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in its favor." *Id*. at 1116. "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Id*. Further, public interest is considered "separately from and in addition to whether the applicant for stay will be irreparably injured absent a stay." *Id*.

For the reasons set forth below, this Court should deny Defendants' Motion to Stay because Defendants have failed to show "strong showing" of the "probability of success on the merits," and that "the balance of hardships tips sharply in ... favor" of Defendants.

## III.   ARGUMENT

**A.   Defendants have made no credible showing of success on the merits and there is strong evidence Plaintiffs will succeed on the merits.**

In general, there is no right to appeal remand orders. 28 U.S.C. § 1447(d). An exception to this general rule applies when a case is removed pursuant to 28 U.S.C. § 1442 – Federal Officer Removal Statute. Thus, the issue on appeal is simple, whether federal officer removal is proper under these circumstances.

/././

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR FURTHER STAY OF ENFORCEMENT OF THE COURT'S ORDER TO REMAND; CASE NO.: 2:20-CV-05937-DSF-SK**

3

### 1. Federal Officer Removal is Not a Novel Issue of First Impression

28 USC § 1442(a)(1), authorizes any **officer of the United States** who is sued in an official or individual capacity, to remove the action to federal court based on the assertion of a federal defense.[2]  This is an exception to the well-pleaded complaint rule, which typically requires a federal question to be pleaded in the complaint for the court to have proper subject matter jurisdiction based on a federal question.  *See N.G. v. Downey Reg'l Med. Ctr.*, 140 F. Supp. 3d 1036, 1039 (C.D. Cal. 2015).

Removal is appropriate under §1442(a)(1), when the removing defendant establishes they were acting under the direction of a federal officer when they engaged in the tortious conduct, there is causal nexus between the plaintiff's claims and the defendant's actions under federal direction, and defendants have raised a colorable defense based upon federal law. *Fidelitad, Inc. v. Insitu, Inc.,* (9th Cir. 2018) 904 F.3d 1095, 1099.

Defendants now attempt to muddy the record by alleging that this is a "novel" issue of "first impression".  On the contrary, in *Vanessa Sherod as Admistrator of the Estate of Elizabeth Wiles v. Complrehenxive Healthcase Management Services, LLC dba Brighton Rehabilitation and Wellness Center et al.*, 2:20-cv-01198-AJS (W.D.Penn) the court DENIED Defednats' Motion to Stay Remand based on its Federal Officer Jurisdiction argument. (*See* **Exhibit A** to the Declaration of Anne Marie Murphy (hereafter "Murphy Decl.").  The Court held, "there is no causal nexus between [Defendant's] actions, taken pursuant to a federal officer's directions, and Plaintiff's claims.  This is because Plaintiff's claims are predicated upon the fact [Defendant] did not take action; to the contrary, Plaintiff's claims are predicated upon the alleged inactions taken by [Defendant].  Stated differently, the Defendants (all non-governmental entities) failed to demonstrate to this Court – given the

[2] 166 A.L.R. Fed. 297 (Originally published in 2000).

allegations of the Complaint – that "the acts for which they are being sued . . . occurred because of what they were asked to do by the Government.'" *Id.*

Similar to here, Plaintiffs' claims are based entirely on Defendants' egregious failures to act, including:

- failure to implement an effective infection control program;
- failure to properly train staff;
- failure to employ adequate staff;
- failure to identify changes in conditions;
- failure to protect Mr. Martin from foreseeable health and safety hazards; and
- failure to report the true cause of death on his death certificate.[3]

Plaintiffs assert only state law claims, and the case belongs in Superior Court like any other elder abuse case arising under the Elder and Dependent Adult Civil Protection Act (Welfare & Inst. C. §15600 et seq.).  Although Plaintiffs allege no federal claims, Defendants again impermissibly attempt to remove this matter based on Federal Officer Jurisdiction.

Defendants cite to *St. Claire v. Cuyler*, 482 F. Supp. 257, 258 (E.D. Pa. 1979), to illustrate an argument that where the holding is novel, or resolves a question of first impression, a trial court might choose to stay its order pending analysis by an appellate court.  However, the *St. Claire* case supports Plaintiffs' claims.  The order appealed in *St. Claire* enjoined defendants from preventing Mr. St. Claire, a Muslim inmate, from wearing his kufi (religious hat) and attending religious services. *Id.* at 258.  The court denied the stay in *St. Claire* and determined that "<u>although the particular claims (wearing of religious headgear and attendance at chapel services) have not been previously addressed either by this or the circuit court, the Third Circuit has defined</u>

---

[3] ECF 1, Ex. 1 (Complaint) at pg. 1, ¶1; pg. 4, ¶9; Pg. 4, ¶10; pg. 5, ¶11, pg. 6; ¶15, pg. 14; pg. 11-12, ¶¶38-39; ¶¶ 45-48; pg. 15, ¶¶ 56-57; and pg. 18, ¶ 64. These basic allegations remain the same in Plaintiffs' Amended Complaint [ECF 18].

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR FURTHER STAY OF ENFORCEMENT OF THE COURT'S ORDER TO REMAND; CASE NO.: 2:20-CV-05937-DSF-SK**

5

the applicable test in *O'Malley v. Brierley*, 477 F.2d 785 (3d Cir. 1973)." *Id.* at 258-259.[4]

Similarly here, although the particular claims of Defendants' response to a national public health state of emergency have not previously been addressed by this court, whether Defendants acted pursuant to a federal officer's directions has clearly been defined by the highest court in the land, the United States Supreme Court and recognized by the 9th circuit. The 9th Circuit defined the applicable test, stating that "[f]or a private entity to be 'acting under' a federal officer, the private entity must be involved in 'an effort to assist, or help carry out, the duties or tasks of the federal superior." *Fidelitad, Inc. v. Insitu, Inc.,* 904 F.3d 1095, 1099 (9th Cir. 2018). Defendants allege they were "acting under" the direction of a federal officer because they were purportedly following various guidelines, directives and/or regulations by federal agencies. This is by no means a novel issue of first impression.

"Novel issue of first impression" is not a factor in and of itself to determine whether or not a court might choose to stay its order pending analysis by an appellate court. Rather, it is analyzed under the factor "likelihood of prevailing on appeal" by which the party bringing the motion must make a strong showing. This test was applied by this Court and correctly determined that removal is not justified by federal officer jurisdiction because Defendants did not act pursuant to federal officer's directions.

Therefore, Defendants' assertion that this is a novel issue of first impression is mistaken. As detailed below, Defendants have again made no credible showing of success on the merits and there is strong evidence that Plaintiff will succeed on the merits.

---

[4] The Third Circuit in *O'Malley* requires that the means employed to effectuate the state goal must result "in the least possible 'regulation' of the constitutional right consistent with the maintenance of prison discipline." 477 F.2d at 796.

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

## 2. Defendants Evidence of General Regulations and Public Directives Does Not Justify Federal Officer Jurisdiction

Defendants did not satisfy the elements for removal under §1442(a)(1) in its Opposition to Plaintiff's Motion to Remand (*See* **Exhibit B** to Murphy Decl. - Order GRANTING Motion to Remand) nor do Defendants introduce any additional information that would lead this or any court leading to likelihood of sucesss on the merits.

"For a private entity to be 'acting under' a federal officer, the private entity must be involved in 'an effort to assist, or to help carry out, the duties or tasks of the federal superior." *Fidelitad, Inc.,* 904 F.3d at 1099 (9th Cir. 2018)(quoting *Goncalves,* 865 F.3d at 1245). The "relationship typically involves 'subjection, guidance, or control." *Watson v. Philip Morris Cos., Inc.*, 551 U.S. 142, 151 (2007).

The United States Supreme Court's decision in *Watson v. Philip Morris*, (2007) 551 U.S. 153, held that a highly regulated firm cannot find a statutory basis for removal in the fact of federal regulation alone. A "private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase acting under a federal 'official.' And that is so even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored." *Id*. at 153.

In *Panther Brands, LLC v. Indy Racing League, LLC*, 827 F.3d 586, 590 (7th Cir. 2016) the Seventh Circuit puts the early distillery raid cases in context, noting that "[t]here are indeed cases supporting … removal "where the federal government uses a private corporation to achieve an end it would have otherwise used its own agents to complete."" The Court continues "merely being subject to federal regulations or performing some functions that the government agency controls is not enough to transform a private entity into a federal officer." *Id*.

Here, Defendants once again insist that they were acting "[T]hrough the

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR FURTHER STAY OF ENFORCEMENT OF THE COURT'S ORDER TO REMAND; CASE NO.: 2:20-CV-05937-DSF-SK**                                    7

1    federal directives issued by the CDC, CMS, and the Calfornia Department of Public

2    Health surveyors contracted by CMS." [Moving Papers at 6:11-13]. However, as

3    this Court correctly pointed out in its Remand Order, "[T]he directions Defendant

4    point to are geeral regulations and public directives regarding the provision of

5    medical services." *See* **Exhibit B** to Murphy Decl.

6           The arguments are variations of arguments nursing homes have

7    (unsuccessfully) made before. Specifically, long-term care facilities (and their

8    owners) accept regulation under Medicare in exchange for receiving Medicare and

9    Medicaid funds, this has never been enough to satisfy the "acting under" test for

10   "federal officer" jurisdiction. *In N.G. v. Downey Regional Medical Center*, 140 F.

11   Supp. 3d 1036, 1038 (C.D. Cal. 2015), the plaintiff filed a negligence claim in state

12   court and the defendant removed the action to federal court alleging federal officer

13   removal under 28 USC § 1442(a)(1). *Id*. The defendant alleged that it provided

14   healthcare to people who receive Medicare or Medicaid. *Id*. In rejecting removal, the

15   court noted that if it accepted the defendant's argument, "every private medical

16   entity providing medical services for . . . Medicare, or Medicaid recipients would be

17   acting under a federal officer for the purposes of § 1442(a)(1)." *Id*. at 1040.

18          The *N.G.* court went on to say that this would allow "every medical

19   malpractice claim filed against such entities that arises under state law [to] be

20   removed to federal court." *Id*. Then court held that simply complying with

21   "utilization and professional protocols decided on by federally designated Quality

22   Improvement Organizations," falls short of establishing that the federal government

23   directed and controlled the defendant. *Id*. at 1041.

24          Simply complying with the law does not bring a private actor within the scope

25   of the federal officer removal statute. *See Fidelitad, Inc.,* 904 F.3d at 1100 (citing

26   *Watson*, 551 U.S. at 152); *see also Riggs v. Airbus Helicopters, Inc.,* 939 F.3d 981,

27   985 (9th Cir. 2019), cert. denied, No. 19-1158, 2020 WL 3492671 (U.S. June 29,

28

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR FURTHER
STAY OF ENFORCEMENT OF THE COURT'S ORDER TO REMAND;
CASE NO.: 2:20-CV-05937-DSF-SK**

8

2020); *Vaccarino v. Aetna, Inc.,* No. EDCV1802349JGBSHKX, 2018 WL 6249707, at *5 (C.D. Cal. Nov. 29, 2018).  A contrary determination would expand the scope of the statute considerably, potentially bringing within its scope state court actions filed against private firms in many highly regulated industries. *Watson v. Philip Morris Companies, Inc.,* (2007) 551 U.S. 142, 143, 127 S. Ct. 2301, 2302–03, 168 L. Ed. 2d 42.

Defendants cannot show a likelihood of success on the merits.  Furthermore, Defendants fail to demonstrate that a serious legal question exists.  There is simply no support for the Defendants being federal agents, and to conclude so here would expand the federal officer statute to unwieldly, undesirable, and unprecedented dimensions.

Defendants' Motion for Further Stay should be denied.

**B.   Defendant has not offered any proof that proceeding with this action will cause them to suffer irreparable harm.**

Defendants have failed to meet their burden in showing the potential of suffering irreparable harm.  Defendants' moving papers are completely devoid of any evidence of hardship that would justify a stay in this action.  Defendants claim they will suffer irreparable harm absent a stay because if remand was improperly granted, they will ultimately be "harmed by the burden of having to simultaneously litigate these cases in state court and on appeal…as well as the potential for inconsistent outcomes if the state court rules on any motions while the appeal is pending."[5] [Moving Papers at 7: 12-15].

Yet "[b]eing required to defend a suit, without more, does not constitute a clear case of hardship or inequity. . ." Montez, 11-CV-530 JLS WMC, 2011 WL 2729445, at 1.  The mere fact that in the absence of a stay Defendants will be

---

[5] . Directly citing *Dalton v. Walgreen Co.,* No. 4:13 CV 603 RWS, 2013 WL 2367837, at *1 (E.D. Mo. May 29, 2013), an unpublished opinion from the E.D. Missouri.

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR FURTHER STAY OF ENFORCEMENT OF THE COURT'S ORDER TO REMAND; CASE NO.: 2:20-CV-05937-DSF-SK**

9

1   required to defend this suit is not grounds to justify granting Defendants' motion. *See*

2   *Lockyer v. Mirant Corp*., 398 F.3d 1098, 1112 (9th Cir. 2005) ("To be sure, if the

3   stay is vacated Mirant must proceed toward trial in the suit in the district court, but

4   being required to defend a suit, without more, does not constitute a 'clear case of

5   hardship or inequity."') (citation omitted).

6        In essence, Defendants merely argue that the general labors of the discovery

7   process and the costs associated with litigation qualify as a hardship.  On the other

8   hand, Plaintiffs will suffer irreparable harm if stay is granted because it will impede

9   the collection of information and delay resolution of the case.  The primary

10  substantive issues in the case are claims of elder abuse and wrongful death, which

11  assert only state law claims.  As such, any discovery obtained in state court would be

12  relevant and applicable if the case was later removed to federal court.  The potential

13  loss or destruction of evidence is a serious harm Plaintiffs would encounter if the

14  stay is granted.  Moreover, Defendants' have not shown that they will be required to

15  litigate in both forums.  The parties would not be forced to expend unnecessary time

16  and resources should litigation proceed while the Ninth Circuit decides Defendants'

17  Petition.  Rather, discovery and merits related issues are directly relevant to

18  Plaintiffs' claims.  As such, Defendants are merely attempting to postpone the

19  inevitable - litigating this case.

20       Therefore, the risk of Defendants needlessly expending resources litigating

21  two suits if the Ninth Circuit reverses, as they so claim, is speculative at best. This

22  Court should deny Defendants' Motion to Stay in its entirety.

23  **C.   The Balance of hardships favors Denying the Stay**

24       Defendants argue the "only potential harm to Plaintiffs is the delay while the

25  Ninth Circuit considers the appeal." [Moving Papers at 8:16-17].  However,

26  Defendants diminish how this delay can affect not only discovery but Plaintffs,

27  including Emma Martin, Mr. Martin's 82-years old wife, emotional suffering and

28

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR FURTHER
STAY OF ENFORCEMENT OF THE COURT'S ORDER TO REMAND;
CASE NO.: 2:20-CV-05937-DSF-SK**                                            10

right to a speedy trial.

The courts have, time and again, made clear that financial burdens on one party cannot outweigh the human suffering of another. "Faced with... a conflict between financial concerns and preventable human suffering, we have little difficulty concluding that the balance of hardships tips decidedly' in favor of the latter." *Golden Gate Rest*, 512 F.3d at 1126 (quoting *Lopez*, 713 F.2d at 1437). "[T]he physical and emotional suffering shown by plaintiffs far more compelling than the possibility of some administrative inconvenience or monetary loss to the government." *Lopez*, 713 F.2d at 1437; *see also Long v. Robinson*, 432 F.2d 977, 980 (4th Cir. 1970) (noting that even "substantial" economic hardship is "not enough" in certain contexts). In these types of cases, it is important to consider whether "[r]etroactive restoration of benefits would be inadequate to remedy these hardships." *Lopez*, 713 F.2d at 1437; *see also Golden Gate Rest*, 512 F.3d at 1126.

As detailed above, Defendants' injuries are entirely economic, while Plaintiffs' injuries include preventable human emotional suffering ("faced with ... a conflict between financial concerns and preventable human suffering, we have little difficulty concluding that the balance of hardships tips decidedly" in favor of the latter. *Lopez*, 713 F.2d at 1437). Therefore, the balance of hardships tips sharply in favor of Plaintiffs.

Plaintiffs' will suffer irreparable harm if a stay is granted.

**D.   Granting a Stay would Run Counter to the Public Interest**

The United States Court of Appeals Federal Circuit recognizes the existence of a "strong public policy favoring expeditious resolution of litigation." *Kahn v. General Motors Corp*., (Fed.Cir.1989) 889 F.2d 1078, 1080; *see also* Fed. R. Civ. P. 1 ("These rules. . . should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.").

A stay in this action would be counter to public policy because it would

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR FURTHER
STAY OF ENFORCEMENT OF THE COURT'S ORDER TO REMAND;
CASE NO.: 2:20-CV-05937-DSF-SK**

11

1   prevent Plaintiffs from seeking prompt redress on behalf of their father, those

2   similarly situated and the general public for Defendants' unsafe and dangerous

3   practices.  The public interest demands that Plaintiffs' elder abuse claims be litigated

4   swiftly.  Elder neglect and abuse is a widespread, largely undiagnosed and often

5   ignored problem in our society.  Recently elder abuse has gained increasing

6   recognition as a significant problem, meriting the attention of both clinicians caring

7   for older people and society at large.  Elder abuse was a huge public health problem

8   globally even before COVID-19.  This coupled with Defendants bleak showing on

9   success on the merits favors denying Defendants motion.

10          Therefore, this Court should deny Defendants' Motion to Stay and allow the

11   parties to fully and fairly litigate this matter as justice so requires.

12                          **IV.    <u>CONCLUSION</u>**

13          For all of the foregoing reasons, Plaintiffs request that the Court deny

14   Defendants' Motion to Stay pending an appeal and remand this case to California

15   Superior Court for the County of Los Angeles pursuant to 28 U.S.C. § 1447(c).

16

17   Dated:  November 2, 2020          Respectfully submitted,

18                                     **COTCHETT, PITRE & McCARTHY, LLP**

19                                     By:   <u>*/s/ Anne Marie Murphy*</u>
20                                            ANNE MARIE MURPHY
21                                            GARY A. PRAGLIN
22                                            CARLOS URZUA
23                                            KALI V. FOURNIER

24                                            *Attorneys for Plaintiffs*

25

26

27

28

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR FURTHER
STAY OF ENFORCEMENT OF THE COURT'S ORDER TO REMAND;
CASE NO.: 2:20-CV-05937-DSF-SK**                                   12

# CERTIFICATE OF SERVICE

I, Anne Marie Murphy, hereby certify that, on November 2, 2020, I electronically filed the foregoing with the Clerk for the United States District Court for the Northern District of California using the CM/ECF system, which shall send electronic notification to counsel of record.

By:   */s/ Anne Marie Murphy*
       ANNE MARIE MURPHY



**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR FURTHER STAY OF ENFORCEMENT OF THE COURT'S ORDER TO REMAND; CASE NO.: 2:20-CV-05937-DSF-SK**                    1