# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMA MARTIN, et al., <br>        Plaintiffs, <br><br>           v. <br><br> SERRANO POST ACUTE LLC, et al., <br>        Defendants. | CV 20-5937 DSF (SKx) <br><br> Order DENYING Motion for Stay Pending Appeal (Dkt. No. 44, 45) |

    Defendants have moved for a stay of the Court's remand order in this case pending appeal. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The hearing set for November 23, 2020, is removed from the Court's calendar.

    The standard for a stay pending appeal is essentially the same as the standard for a preliminary injunction. See Lair v. Bullock, 697 F.3d 1200, 1203 (9th Cir. 2012). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). Although a plaintiff seeking a preliminary injunction must make a showing on each factor, the Ninth Circuit employs a "version of the sliding scale" approach where "a stronger showing of one element may offset a weaker showing of another." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-35 (9th Cir. 2011). Under this approach, a court may issue a preliminary injunction where there are "serious questions going to the

merits and a balance of hardships that tips sharply towards the plaintiff . . . , so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Id. at 1135 (internal quotation marks omitted).

The primary reason a stay is not warranted is that Defendants have virtually no likelihood of success on the merits. The only issue in the Court's remand order that is appealable is federal officer removal. As stated in the remand order, the directions Defendants point to as establishing federal officer jurisdiction are general regulations and public directives regarding the provision of medical services. But "[a] private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase 'acting under' a federal 'official.' And that is so even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored." Watson v. Philip Morris Companies, Inc., 551 U.S. 142, 153 (2007).

Defendants make no meaningful attempt to distinguish the general rule set out in Watson from the current case. Defendants suggest that because, in addition to general guidelines issued by the government, a single government official directly advised them not to transfer COVID-positive patients, they were acting as federal officers in following that directive. Defendants provide no authority to support their argument that a one-off order by a regulating authority should be treated any differently than compliance with a preexisting general law or regulation. Watson itself contemplated a removing defendant's compliance with "orders" and noted that following "even a highly complex order" would not transform a regulated entity into a government officer. Watson, 551 U.S. at 152-53.

While the Court will assume that being forced to litigate in state court pending appeal is in some way irreparable harm, neither the balance of the equities nor the public interest favors a stay. Defendants removed this case on a questionable basis at best and now seek to stall the litigation potentially for a significant period of time while their unmeritorious appeal works its way through the Ninth

Circuit. Allowing the remand of a federal officer removal case to be stayed pending appeal of the remand order raises a serious possibility of such removals being used in a cynical, strategic way to stall cases and to extract concessions, or simply frustration, from opposing plaintiffs. Remands of federal officer removals should generally only be stayed where there is a serious invocation of the interests behind federal officer removal. Those interests are not present here.

The motion for a stay pending appeal is DENIED. The Court's remand order will take effect, the case will be remanded, and jurisdiction will be transferred to the state court ten days from the entry of this order absent a stay issued by the Ninth Circuit.

IT IS SO ORDERED.

Date: November 18, 2020

Dale S. Fischer
United States District Judge